# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MAURITA HOLMES,**

    **Plaintiff,**

   v.

                                    **Case No. 16-CV-1727**

**CITY OF MILWAUKEE,**

    **Defendant.**

## DECISION AND ORDER ON STIPULATION FOR ENTRY OF CONFIDENTIALITY ORDER

On October 16, 2017, the parties filed a stipulated confidentiality order to permit the designation of certain information in the litigation as "confidential." (Docket # 12.) For the reasons I will explain below, I decline to adopt the proposed confidentiality order. However, I invite the parties to supplement their stipulation to address the deficiencies in the proposed order.

The court cannot enter a generic protective order concealing unspecified amounts and types of information. This is because pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999) (noting presumption of public access to discovery materials). Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946.

In this case, the parties fail to properly demarcate the category of documents they wish to designate as confidential. Rather, the confidentiality order generally refers to "documents" without addressing what documents are to be considered confidential. Further, the Seventh Circuit has also stated that a protective order must make explicit that the parties and any interested member of the public can challenge the secreting of particular documents. *Id.* The confidentiality order as proposed only has a procedure for the parties to challenge the confidentiality designation. I invite the parties to address these inadequacies and file a modified stipulated confidentiality order. If the modified confidentiality order is consistent with the requirements of Rule 26(c) and Seventh Circuit case law, I will enter it.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that I will not enter the parties' confidentiality order as currently proposed. However, I invite the parties to address the deficiencies articulated in the decision and file a modified protective order.

Dated at Milwaukee, Wisconsin this 17th day of October, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge